**Richard Wayne WHITE, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. B14–85–466–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 22, 1986.

Steven A. Wisch, Houston, for appellant.

John B. Holmes, Jr., Winston E. Cochran, Jr., Houston, for appellee.

Before PAUL PRESSLER, SEARS and CANNON, JJ.

## OPINION

SEARS, Justice.

Appellant was charged with the misdemeanor offense of driving while intoxicated (D.W.I.). Appellant filed a motion to suppress the results of the Breathalyzer test, and when the court denied that motion, appellant pled nolo contendre. Upon his plea, the trial court found appellant guilty and sentenced him to ninety days in the county jail, probated for a period of two years, and a fine of $250.00. We affirm.

Appellant complains in ground of error one that the trial court erred in overruling his motion to suppress. Appellant contends that he was coerced into submitting to a Breathalyzer test. At the hearing on the motion to suppress, the police officers testified of their conversations with appellant, their activities in the videotape room and their requests that appellant submit to a Breathalyzer test. When asked if he would submit a sample of his breath, appellant answered that he would take a blood test. The police officer repeatedly advised that a blood test was not available at that time, and that they were requesting that he submit to a Breathalyzer test. They further advised appellant that his refusal to submit to the Breathalyzer test could and would be used against him. Appellant contends that the repeated demands of the police officer that he submit to a Breathalyzer test were somehow coercive in nature. We do not agree.

Appellant asks the court to apply the law of confessions to his case, and cites the court to several cases, including *Farr v. State*, 519 S.W.2d 876 (Tex.Crim.App. 1975). *Farr* and the other cases cited deal with allegations of coercion in obtaining a confession. In particular, they hold that where the appellant testifies that the confession was obtained by coercion and the state fails to call the police officers in rebuttal, the state has failed to meet its burden of proving that the confession was voluntary. However, appellant's reliance on that line of cases is misplaced. The giving of a sample of breath or blood is not

testimonial in nature. *Rodriguez v. State,* 631 S.W.2d 515 (Tex.Crim.App.1982). Therefore, the rules for the voluntariness of confessions are inappropriate in determining the voluntariness of a breath test. Although the breath test cannot be taken without consent, whether it is voluntary is a question of fact for the fact finder. *Hearn v. State,* 411 S.W.2d 543 (Tex.Crim. App.1967). We have reviewed all of the evidence in this case and conclude that the trial court was correct in finding that the consent to take the Breathalyzer test was voluntary.

■ The Texas D.W.I. statute, Tex.Rev. Civ.Stat.Ann. art. 6701*l*–5, § 1, provides that any person who operates a motor vehicle upon the public highways or beaches of this state shall be deemed to have given consent to submit to the taking of one or more specimens of breath or blood for the determination of the alcohol concentration present in the body. Further, Section 2 provides that the person under arrest for suspicion of D.W.I. shall be requested to give a specimen *designated by the police officer.* We believe it is the clear intent of the article to provide that the type of specimen to be submitted by a person suspected of D.W.I. is solely within the discretion of the arresting officers. The article does not provide that the suspect may determine which sample to submit, *i.e.,* breath, blood or urine.

■ Finally, there can be no doubt that appellant did on several occasions consent to the taking of a blood test. This consent to the taking of a bodily fluid for the purpose of determining its alcohol concentration is sufficient to impute consent to the taking of a breath sample. Apparently appellant's main complaint is that he wanted a blood test rather than a breath test. We find that the state has the option to determine which test shall be administered, and we do not find that insistence of the police officers on a breath sample as opposed to a blood sample was so coercive as to render the taking of the breath sample involuntary. Ground of error one is overruled.

In ground of error two, appellant alleges his conviction should be reversed and dismissed because the state destroyed the videotape taken of appellant shortly after his arrest. Apparently, this videotape was included in a number of tapes that were to be erased and reused, and the state presented an order to the court that would authorize such erasure. However, this tape was not erased. The tape was ordered to be filed and was filed in this court, and this court has viewed the tape. We find no error; accordingly, ground of error two is overruled.

The judgment of the trial court is affirmed.