**Andrew Louis DRAPKIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–89–052–CR.**

Court of Appeals of Texas,
Texarkana.

Dec. 5, 1989.

Discretionary Review Refused
(Appellant) Feb. 28, 1990.

Discretionary Review Refused
(State) Feb. 28, 1990.

Paul B. Rosen, Brian W. Wice, J. Gary Trichter, Trichter & Hirschorn, Houston, for appellant.

John B. Holmes, Dist. Atty., Winston E. Cochran, Jr., Asst. Dist. Atty., Houston, for appellee.

CORNELIUS, Chief Justice.

Andrew Drapkin appeals his conviction for misdemeanor driving while intoxicated. In three points of error he asserts that the trial court erred in refusing to instruct the jury on his defense of fatigue, and that the refusal of the police to give him a blood alcohol test violated his due process rights.

We find these contentions to be without merit and accordingly affirm the conviction.

The State's evidence showed that police officers stopped Drapkin after they observed him in his car speeding and weaving lanes. Drapkin performed field sobriety tests consisting of a horizontal gaze nystagmus test, a one-leg stand test, and a head-tilt test. The officers testified that Drapkin's performance on these tests showed him to be intoxicated. They also testified that he had bloodshot eyes and a strong odor of alcohol. Drapkin refused to take an intoxilyzer test and requested a blood test. The police refused his request.

■ Drapkin asserted a defense of fatigue and requested the following instruction, which was denied:

You are instructed that it is a defense to a prosecution for driving while intoxicated that the defendant's appearance, manner and conduct was due to an independent fact or condition other than intoxication. Therefore, if you find from the evidence beyond a reasonable doubt that on or about the 19th day of August, 1987, in Houston, Harris County, Texas, the defendant had not consumed an intoxicated (sic) substance and that he was fatigued, or if the prosecution has failed to persuade you beyond a reasonable doubt that these facts are untrue, you will acquit the defendant and say by your verdict "not guilty".

The trial court did not err in refusing the requested instruction on fatigue. Fatigue is not an affirmative defense. It is an alternative cause. An alternative cause is merely a different version of the facts which negates at least one element of the State's case. *Barnette v. State*, 709 S.W.2d 650 (Tex.Crim.App.1986).

■ A defendant is entitled to an affirmative instruction on every defensive issue raised by the evidence, whether the evidence is strong or weak, unimpeached or contradicted, and regardless of what the trial judge may think about its credibility. *Arnold v. State*, 742 S.W.2d 10 (Tex.Crim. App.1987); *Sanders v. State*, 707 S.W.2d

78 (Tex.Crim.App.1986). But, where the alleged defensive theory is an alternative cause which merely negates the existence of an essential element of the State's case, rather than seeking to justify or excuse the culpable conduct, the denial of an instruction thereon is not error. *Barnette v. State*, supra; *Sanders v. State*, supra.

An essential element of the State's case was that Drapkin was intoxicated. His contention that fatigue rather than intoxication was the cause of his suspect driving simply goes to negate the element of intoxication.

The trial court submitted an instruction to the jury which stated:

If you find that the State of Texas has failed to prove each element of the offense beyond a reasonable doubt or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict "not guilty".

This instruction allowed the jury to consider the possibility that Drapkin was not intoxicated and that his failure to perform the sobriety tests was due to some factor other than alcohol.

■ The refusal of the police to allow Drapkin a blood test rather than an intoxilyzer test did not violate due process under either the Texas or the Federal Constitutions. Drapkin bases his due process argument on a footnote in *McCambridge v. State*, 712 S.W.2d 499, 504 n. 16 (Tex.Crim. App.1986), *citing South Dakota v. Neville*, 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983).

[D]ue process concerns could be involved if the police initiated physical violence while administering the test, refused to respect a reasonable request to undergo a different form of testing, or responded to resistance with inappropriate force.

The question of requesting alternative tests was not before the court in *McCambridge*. That case involved the right to counsel during a breath test.

■ The contention that a defendant has a choice of method of alcohol level testing has been rejected in several cases. The courts have held that the method of testing for intoxication is within the discretion of the arresting officers. *White v. State*, 711 S.W.2d 106 (Tex.App.—Houston [14th Dist.] 1986, no pet.); *Davis v. Texas Dept. of Public Safety*, 741 S.W.2d 616 (Tex. App.—Dallas 1987, no writ). Only after the driver has given the specimen designated by the police officer may he request an alternative test be given by a person of his choosing. *Davis v. Texas Dept. of Public Safety*, supra.

Drapkin contends that he has a United States Constitutional due process right to a choice of alcohol level tests based upon a prevailing notion of fundamental fairness in allowing the accused to be afforded a meaningful opportunity to present a complete defense. He cites us to no authority supporting that contention. The cases he cites involve the use of a driver's refusal to take a breath test as evidence of guilt, *South Dakota v. Neville*, 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983); the requirement to preserve breath samples in order to introduce a breath analysis test at trial, *California v. Trombetta*, 467 U.S. 479, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984); the deportation of alien witnesses, *United States v. Valenzuela–Bernal*, 458 U.S. 858, 102 S.Ct. 3440, 73 L.Ed.2d 1193 (1982); and the suppression of evidence by the prosecution, *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

We conclude that the failure of the officers to give a blood alcohol test instead of an intoxilyzer test did not constitute a denial of due process.

No error is shown. The judgment is affirmed.