**Opinion filed August 6, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00241-CR

_____

## JAMES EDWARD SHAW JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 29th District Court**

**Palo Pinto County, Texas**

**Trial Court Cause No. 14957**

## M E M O R A N D U M   O P I N I O N

Appellant, James Edward Shaw Jr., appeals his conviction for felony driving while intoxicated. After a bench trial, the trial court sentenced Appellant to confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of forty years and a fine of $10,000. In one issue on appeal,

Appellant challenges the sufficiency of the evidence to support his conviction. We affirm.

## Background Facts

Trooper Burt Blue of the Texas Department of Public Safety testified that he saw Appellant driving a vehicle after dark without the taillights activated. When Trooper Blue stopped Appellant, he smelled "the odor of alcohol coming from the truck." Appellant stepped out of the vehicle, and Trooper Blue noticed that he had bloodshot eyes and that his speech was "real thick-tongued and slurred." Trooper Blue asked Appellant if he had had anything to drink, and Appellant said that he had drunk "two Natural Lights."

Trooper Blue then conducted three field sobriety tests. Appellant exhibited six out of six possible clues for intoxication on the horizontal gaze nystagmus test. Appellant next performed the walk-and-turn test. Trooper Blue observed seven out of eight possible clues for intoxication. Appellant then attempted the one-leg stand test. Appellant displayed three out of four possible clues for intoxication.

After conducting the field sobriety tests, Trooper Blue determined that Appellant was too intoxicated to drive. Trooper Blue arrested Appellant for driving while intoxicated. Trooper Blue then transported Appellant to the Palo Pinto General Hospital. Appellant initially consented to giving a breath specimen. However, the intoxilyzer testing machine malfunctioned, resulting in Trooper Blue being unable to collect a breath specimen. Appellant then refused to give a blood specimen that Trooper Blue subsequently requested.

## Analysis

In his sole issue on appeal, Appellant challenges the sufficiency of the evidence to support his conviction. He characterizes his evidentiary contention as a factual sufficiency challenge. In doing so, he concedes in his brief that the evidence was legally sufficient. We review a sufficiency of the evidence issue, regardless of

2

whether it is denominated as a legal or factual claim, under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Irrespective of Appellant's concession that the evidence was legally sufficient, we will review the sufficiency of the evidence supporting his conviction to determine if it is sufficient under *Jackson*.

Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). When conducting a sufficiency review, we consider all the evidence admitted at trial, including pieces of evidence that may have been improperly admitted. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). In conducting a sufficiency review, we defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the prosecution and defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

A person commits the offense of driving while intoxicated "if the person is intoxicated while operating a motor vehicle in a public place." TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2014). Appellant attacks only the element of intoxication. Under the Texas DWI statute, intoxication may be proven in either of two ways: (1) loss of normal use of mental or physical faculties or (2) alcohol concentration in the blood, breath, or urine of 0.08 or more. *Id.* § 49.01(2) (West

2011); *Kirsch v. State*, 306 S.W.3d 738, 743 (Tex. Crim. App. 2010). The first definition is the "impairment" theory, while the second is the "per se" theory. *Kirsch*, 306 S.W.3d at 743. We are only concerned with the impairment theory in this appeal because a specimen was not obtained from Appellant for testing. Circumstantial evidence may prove that a person has lost the normal use of his mental or physical faculties by reason of introduction of a controlled substance or drug into his body. *See Smithhart v. State*, 503 S.W.2d 283, 284 (Tex. Crim. App. 1973). For purposes of the DWI statute, proving an exact intoxicant is not an element of the offense. *Gray v. State*, 152 S.W.3d 125, 132 (Tex. Crim. App. 2004).

Appellant premises his evidentiary challenge to the element of intoxication on a number of arguments. He initially contends that the malfunction of the intoxilyzer testing machine deprived him of the opportunity to disprove that he was intoxicated. He also asserts that he informed Trooper Blue that he had back problems and a speech impediment and that these conditions provided an explanation for the matters that Trooper Blue observed about his physical condition. Appellant additionally contends that the video recording of his encounter with Trooper Blue did not support the finding that he was intoxicated.

Trooper Blue testified that he saw Appellant driving without his vehicle's taillights on after dark. When Trooper Blue stopped Appellant, he smelled "the odor of alcohol coming from the truck," and Trooper Blue noticed that Appellant had bloodshot eyes and that his speech was "real thick-tongued and slurred." Trooper Blue asked Appellant if he had had anything to drink, and Appellant said that he had drunk "two Natural Lights."

Trooper Blue then conducted three field sobriety tests. In this regard, Trooper Blue has been a trooper since 2006, and he testified that he had been trained to conduct standard field sobriety tests. Trooper Blue additionally testified that he has attended an advanced DWI class and that he is also certified as a drug recognition

4

expert. He also testified that he has made "[m]any" arrests for DWI and that he has had "[m]any" occasions to observe people whom he believed to be intoxicated. Trooper Blue testified that Appellant failed all three tests. Based on his observations, Trooper Blue concluded that Appellant was intoxicated while operating a motor vehicle. Trooper Blue's testimony is probative evidence of intoxication. *Annis v. State*, 578 S.W.2d 406, 407 (Tex. Crim. App. [Panel Op.] 1979) (as a general rule, the testimony of an officer that a person is intoxicated provides sufficient evidence to establish the element of intoxication for the offense of DWI); *Kiffe v. State*, 361 S.W.3d 104, 108 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (same); *Henderson v. State*, 29 S.W.3d 616, 622 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd) (same).

With respect to Appellant's contention that he was denied a chance to give a breath sample to disprove that he was intoxicated, it is within the officer's discretion to determine what method to use when testing for intoxication. TEX. TRANSP. CODE ANN. § 724.012(c) (West 2011); *Aguirre v. State*, 948 S.W.2d 377, 379–80 (Tex. App.—Houston [14th Dist.] 1997, pet. ref'd); *Drapkin v. State*, 781 S.W.2d 710, 712 (Tex. App.—Texarkana 1989, pet. ref'd). It is significant to note that Trooper Blue offered Appellant the opportunity to provide a blood specimen when he determined that a breath test was not available and that Appellant declined the opportunity.

The video recording from Trooper Blue's dashcam was introduced into evidence. We have reviewed the video in our review of the record. We conclude that the video supports Trooper Blue's trial testimony. Appellant's perception of the video and his alleged physical problems were matters available for the trial court to consider in determining Appellant's guilt/innocence. Under the applicable standard of review, we presume that the factfinder resolved Appellant's perceived deficiencies in the evidence in favor of the verdict, and we defer to that resolution. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778. We conclude that the

5

evidence is sufficient to support Appellant's conviction because a rational trier of fact could have found the elements of the offense beyond a reasonable doubt based upon Trooper Blue's testimony.  We overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.



JOHN M. BAILEY

JUSTICE


August 6, 2015

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.