**STATE of Texas, Appellant,**

v.

**Mark Alan NEEL, Appellee.**

**No. 12–90–00077–CR.**

Court of Appeals of Texas,
Tyler.

April 12, 1991.

Michael Sandlin, Dist. Atty's Office, Tyler, for appellant.

F.R. Files, Jr., Tyler, for appellee.

RAMEY, Chief Justice.

Appellee motorist Mark Alan Neel refused a breath test. On July 24, 1988, he was arrested and charged by information with the misdemeanor offense of "Driving While Intoxicated." Tex.Rev.Civ.Stat.Ann. art. 6701*l*-1 (Vernon Supp.1991).

After an oral and written DWI warning of the consequences of his failure to give a breath specimen, appellee refused the request for the specimen. Thereafter appellee filed a motion to suppress the evidence of the refusal. At a pretrial hearing the trial court granted appellee's motion. The State appeals. We vacate the order of the trial court and remand the case to the trial court.

After his arrest, appellee was read and provided a copy of the following warning by the arresting officer, which states in pertinent part:

> You are under arrest for the offense of Driving While Intoxicated. You will be requested to submit to the taking of a specimen of your ***Breath/Blood*** (strike one) for the purpose of analysis to determine the alcohol concentration ... in your body.

> If you refuse to give the specimen, that refusal may be admissible in a subsequent prosecution....

> I certify that I have orally informed you of the consequences of a refusal and have provided you with a complete and true copy of this statutory warning. I now request that you submit to the taking of a specimen of your ***Breath/Blood*** (strike one) for the purpose of analysis to determine the alcohol concentration ... in your body. (Emphasis added.)

■ Appellant argues that the oral and written information presented to appellee before he refused the test satisfies the requirements of Tex.Rev.Civ.Stat.Ann. art. 6701*l*-5, § 1, et seq. (Vernon Supp.1991). Appellee contends that Tex.Rev.Civ.Stat. Ann. art. 6701*l*-5, §§ 1, 2(a) and 2(b), as well as § 3(g), should be construed to require the arresting officer to literally track the statutory language in warning the suspect of the consequences of his failure to supply the requested specimen; since the statute provides for a "breath or blood" specimen, neither should have been deleted from the warning. The question of the validity of this contention is one of first impression in Texas.

In pertinent part, Tex.Rev.Civ.Stat.Ann. art. 6701*l*-5 (Vernon Supp.1991) states:

> Sec. 1. Any person who operates a motor vehicle upon the public highways or upon a public beach in this state shall be

deemed to have given consent, subject to the provisions of this Act, to submit to the taking of one or more specimens of his *breath or blood* for the purpose of analysis to determine the alcohol concentration ... in his body....

Sec. 2. (a) ... if a person under arrest refuses, upon the request of a peace officer, to give a specimen designated by the peace officer as provided in Section 1, none shall be taken.

Sec. 2. (b) Before requesting a person to give a specimen, the officer shall inform the person orally and in writing that if the person refuses to give the specimen, that refusal may be admissible in a subsequent prosecution....

Sec. 3. (g) If the person refuses a request by an officer to give a specimen of *breath or blood,* whether the refusal was express or the result of an intentional failure of the person to give the specimen, that fact may be introduced into evidence at the person's trial. (Emphasis added.)

■ The State was entitled to only one alcohol level test of appellee. Two types of specimens are recognized in the statutes. A choice between these two tests is authorized. The parties agree that the peace officer was authorized to make that choice. Section 2(a) so specifies. *Also see* sections 2(d) and 3(d); *Davis v. State,* 741 S.W.2d 616, 618 (Tex.App.–Dallas 1987, no pet.); and *White v. State,* 711 S.W.2d 106, 108 (Tex.App.–Houston [14th Dist.] 1986, no pet.).

The motorist was informed orally of the officer's choice of test after suspect's arrest, but before he was warned of the consequences of his refusal to comply. Likewise before the written warning form was tendered the suspect, the disfavored specimen thereon was stricken, as the form instructed.

After the oral and written warnings pertaining to the breath test alone were presented to the motorist, production of the unrequested specimen of blood was no

longer a viable responsibility of the arrested party.[1] The stricken specimen was then irrelevant to the motorist's implied consent to supply a specimen for analysis. Whether the driver might have refused to submit the stricken form of specimen had no significant consequences to him.

The officer's warning herein satisfied the requirements of art. 6701*l*–5, § 1 et seq. Likewise, the deletion of the disapproved blood specimen from the warning did not "unfairly trick" appellee. The use of the evidence of the refusal to comply with the specimen request "comported with the fundamental fairness required by due process." *South Dakota v. Neville,* 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983).

The order of the trial court is vacated and the cause is remanded to the trial court for further proceedings consistent with this opinion.

1. The arrested party who has given a specimen of breath or blood designated by the peace officer thereafter has the unrelated option of requesting a timely blood test on his own initiative. Tex.Rev.Civ.Stat.Ann. art. 6701*l*–5, § 3(d) (Vernon Supp.1991).