John Mike KERR, Appellant,

v.

TEXAS DEPARTMENT OF PUBLIC
SAFETY, Appellee.

No. 06–97–00069–CV.

Court of Appeals of Texas,
Texarkana.

Submitted May 21, 1998.

Decided July 3, 1998.

Vernard G. Soloman, Marshall, for appellant.

Loren E. Svor, Janette LoRie Ansolabehere, Texas Department of Public Safety, Austin, Steve Gill, Chief of Legal Services, Texas Department of Public Safety, Tyler, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

GRANT, Justice.

John Mike Kerr appeals from a ruling of the administrative law judge of the State Office of Administrative Hearings authorizing the Texas Department of Public Safety to suspend his driver's license for ninety days pursuant to Chapter 724 of the Texas Transportation Code.[1]

In his sole point of error, Kerr argues that the Harrison County Court at Law erred in not finding that Sections 724.011 and 724.012 of the Texas Transportation Code are vague, arbitrary, and capricious and, therefore, unconstitutional, because they allow the taking of *one or more* specimens of breath or blood.

Kerr was stopped on October 25, 1996, after Trooper Gregg Greer saw Kerr driving eighty miles per hour in a fifty-five mile per hour speed zone. Greer asked Kerr to blow into a portable breath test devise, and Kerr was arrested for driving while intoxicated. Following the arrest, Greer took Kerr to the Harrison County jail and requested that he take a second breath test. Kerr refused and signed a DIC–24 form indicating that refusal. Thereafter, Kerr was informed that his license was suspended for ninety days because of his refusal.

On March 12, 1997, on Kerr's request, the State Office of Administrative Hearings held a hearing regarding Kerr's refusal to take the breath test. The hearing resulted in a decision to authorize the Texas Department of Public Safety to suspend Kerr's license for ninety days. Kerr appealed that decision to the County Court at Law of Harrison Coun-

---

1. TEX. TRANSP. CODE ANN. §§ 724.001, et seq. (Vernon Pamph.1998).

ty, Texas. The hearing on appeal was held on June 2, 1997. The court affirmed the decision of the administrative law judge. Kerr appeals that decision to this Court.

 Substantial evidence is the standard of review for judicial review by a County Court at Law of an administrative decision by a State Office of Administrative Hearings judge in an administrative license revocation hearing.[2] However, the interpretation of a statute is a question of law,[3] and questions of law are reviewed de novo by the appellate court.[4]

██ Kerr argues that Sections 724.011 and 724.012 of the Transportation Code are unconstitutional. Section 724.011[5] states as follows:

(a) If a person is arrested for an offense arising out of acts alleged to have been committed while the person was operating a motor vehicle in a public place, or a watercraft, while intoxicated, the person is deemed to have consented, subject to this chapter, to submit to the taking of *one or more* specimens of the person's breath or blood for analysis to determine the alcohol concentration or the presence in the person's body of a controlled substance, drug, dangerous drug, or other substance.

Section 724.012[6] states:

(a) *One or more* specimens of a person's breath or blood may be taken if the person is arrested and at the request of a peace officer having reasonable grounds to believe the person while intoxicated was op-

erating a motor vehicle in a public place, or a watercraft.

Kerr presents two reasons that the language authorizing a peace officer to take "one or more specimens of breath or blood" from a person is unconstitutional. First, Kerr argues that the "one or more" language is vague and fails to give fair notice of the number of requests for a breath or blood specimen that an officer can make. Second, Kerr argues that the "one or more" language allows and encourages arbitrary and capricious enforcement of the statute.

 When addressing a challenge to the constitutionality of a statute, the court must presume that the statute is valid and that the legislature did not act arbitrarily in enacting it.[7] The party challenging the statute bears the burden of showing the statute's unconstitutionality.[8] All doubts are to be resolved in favor of the statute's constitutionality.[9] If it is possible to give a reasonable interpretation to the language in the statute, the statute must be construed in a manner that renders it constitutional.[10]

Kerr presents standards and arguments applicable to criminal statutes. However, Section 724 is a *civil* statute, not a penal statute.[11]

 A penal statute is construed more strictly than a civil, regulatory statute because the consequences of imprecision are qualitatively less severe.[12] Statutes that do not impose criminal penalties and those that do not threaten to inhibit the exercise of

2. TEX. GOV'T CODE ANN. § 2001.174 (Vernon Pamph.1998).

3. *Kazmir v. Suburban Homes Realty*, 824 S.W.2d 239, 243 (Tex.App.-Texarkana 1992, writ denied).

4. *See In re Humphreys*, 880 S.W.2d 402, 404 (Tex.1994).

5. TEX. TRANSP. CODE ANN. § 724.011 (emphasis added).

6. TEX. TRANSP. CODE ANN. § 724.012 (emphasis added).

7. *Enron Corp. v. Spring Indep. Sch. Dist.*, 922 S.W.2d 931, 934 (Tex.1996); *Raitano v. Texas Dep't of Public Safety*, 860 S.W.2d 549, 550 (Tex. App.-Houston [1st Dist.] 1993, writ denied).

8. *Raitano*, 860 S.W.2d 549.

9. *Brady v. Fourteenth Court of Appeals*, 795 S.W.2d 712, 715 (Tex.1990) (orig.proceeding).

10. *Id.*

11. *See Shannon v. State*, 800 S.W.2d 896, 900 (Tex.App.-San Antonio 1990, pet. ref'd) (challenge to former TEX.REV.CIV. STAT. ANN. art 6701*l*–5, predecessor to Chapter 724); *State v. Muller*, 798 S.W.2d 315, 319 (Tex.App.-Houston [1st Dist.] 1990), *rev'd on other grounds*, 829 S.W.2d 805 (Tex.Crim.App.1992).

12. *Hoffman Estates v. Flipside, Hoffman Estates*, 455 U.S. 489, 498–99, 102 S.Ct. 1186, 1193, 71 L.Ed.2d 362, 372 (1982).

constitutionally protected rights are subject to a less strict vagueness test.[13] When addressing a challenge to a civil statute based on the vagueness of the statute, the court must first determine whether the statute is vague as applied to the appellant's conduct.[14] If the statute is impermissibly vague as applied to the conduct of the appellant in the case, then the court will address the "facial challenge" to the vagueness of the statute.[15]

A statute is fatally vague when persons regulated by it are exposed to some risk or detriment without fair warning of the nature of the proscribed conduct.[16] A due process violation occurs only when a required course of conduct is stated in terms so vague that people of common intelligence must guess at what is required.[17]

Kerr argues that the wording "one or more" is vague because ordinary citizens must guess at the meaning of the words. Under the terms of the statute, an officer can request at least one breath or blood specimen, and as many more as he desires. This is vague, according to Kerr, because the upper end of the allowable number of requests that an officer may make is indefinite. The State contends that the statute is not vague because it simply allows officers to request as many tests as is necessary to obtain a valid result.

The Houston court, in *Texas Dep't of Pub. Safety v. Duggin,*[18] recognized that, to conduct a valid breath test, the intoxilyzer (the machine used for breath tests) must test two specimens of a person's breath.[19] In *Duggin,* the appellant willingly gave a first breath specimen. When asked for a second specimen immediately after the first, Duggin would not blow in a manner sufficient to get a second reading. The breath test operator interpreted Duggin's actions as a refusal to cooperate. The court stated that, because the intoxilyzer requires two readable specimens to give a valid breath test result, Duggin was required to give at least two readable specimens.[20]

Other courts have also held that the State is entitled to more than one test. In *Texas Dep't of Pub. Safety v. Bond,*[21] the defendant submitted to an intoximeter test at the time he was pulled over. He was then arrested and taken to the county sheriff's department. There, the arresting officer gave him the required statutory warnings and asked him to submit to a breath test. Bond refused.[22] Bond argued that he did not refuse to give a blood or breath specimen because he blew into the intoximeter at the scene of the stop.[23] The court held that, regardless of whether Bond was under arrest at the time he gave the first breath specimen, the implied consent law expressly states that one or more specimens may be requested and taken.[24]

The Houston court in *Texas Dep't of Pub. Safety v. Watson* held that the law allows the taking of multiple specimens of breath and that refusal to provide a second specimen will lead to license suspension.[25] In *Watson,* the driver gave a breath specimen before being

---

13. *Raitano,* 860 S.W.2d at 551.

14. *Id.*

15. *Id.*

16. *Id., citing Texas Liquor Control Bd. v. Attic Club, Inc.,* 457 S.W.2d 41, 45 (Tex.1970).

17. *Id.*

18. 962 S.W.2d 76, 79 (Tex.App.-Houston [1st Dist.] 1997, no writ).

19. *Id.*

20. *Id.*

21. 955 S.W.2d 441 (Tex.App.-Fort Worth 1997, no pet.).

22. *Id.* at 443.

23. *Id.* at 444.

24. *Id.* at 447, *citing State v. Gonzales,* 850 S.W.2d 672, 674 (Tex.App.-San Antonio 1993, pet. ref'd) (holding that even if the breath test has been completed, the State would still be able to use the "implied consent" found in the statutory predecessor to Sections 724.011 and 724.012 to secure consent from an arrestee for a successive blood test).

25. *Texas Dep't of Pub. Safety v. Watson,* 945 S.W.2d 262, 266–67 (Tex.App.-Houston [1st Dist.] 1997, n.w.h.).

arrested for DWI, then refused to give more specimens after his arrest. The driver argued he gave a specimen and did not refuse the test. The Houston court disagreed, holding that a refusal to provide a second specimen will trigger the consequence of license suspension.[26]

In *State v. Gonzales*,[27] several breath test attempts registered "deficient sample." As a result, the officers requested a blood sample from Gonzales. The issue at the hearing on the motion to suppress was whether these blood samples were voluntarily given. The San Antonio court held that even if the breath test had been completed, the State would still be able to use the "implied consent" found in the statutory predecessor to Sections 724.011 and 724.012 to secure consent from an arrestee for a successive blood test because of the "one or more" language in the statute. The court noted that the amendment to the statute reveals that the legislature struck the language of "a chemical test or tests" and added "submit to the taking of one or more specimens of his breath or blood."[28] "The statute does not provide that once any type of breath test is attempted, the State cannot perform a second successive test."[29]

The Tyler court is the only court to hold that the State is entitled to only one alcohol level test.[30] However, in that case, the court was not faced with a challenge to the "one or more" language. There, the challenge was to the warning given, specifically whether the "breath or blood" language unfairly tricked the appellee.[31]

The "one or more" language in Sections 724.011 and 724.012 is not vague. Kerr had fair warning from the statute of the nature of the proscribed conduct, specifically that refusal to give as many breath specimens as necessary to obtain a valid reading would result in license suspension.

Kerr also argues that the statute is unconstitutional because it fails to prevent arbitrary and discriminatory enforcement.

The legislature must provide minimal guidelines to govern law enforcement so that a statute is not susceptible to arbitrary and discriminatory enforcement.[32] A court will not presume that one acting under the authority of a statute will act in an arbitrary manner.[33]

Kerr agreed to a first request to give a breath specimen, but refused a second request. The officer reported this refusal. Kerr argues that the statute allowed the officer to elect "at his sole discretion" to report the refusal of the second request.

Failure of a breath test carries a minimum sixty-day license suspension.[34] Refusal to take a breath test results in a ninety-day license suspension.[35] Kerr contends that he was harmed by this "election" because the officer was able to choose to request a second test and suspend Kerr's license for refusal to submit to such test instead of suspending Kerr's license based on his failure of the first test.

The record does not show whether Kerr failed the first breath test using the portable breath test machine. Further, Kerr testified that, at the time he gave a breath specimen, he was not under arrest. For the provisions of Chapter 724 to apply, the driver *must be under arrest* for an offense involving opera-

26. *Id.*

27. 850 S.W.2d at 674.

28. *Id.; see* Act of June 16, 1983, 68th Leg., R.S., ch. 303, § 28(a), (c), 1983 Tex. Gen. Laws 1568, 1577, 1607.

29. *Gonzales*, 850 S.W.2d at 674.

30. *State v. Neel*, 808 S.W.2d 575, 577 (Tex.App.-Tyler 1991, no pet.).

31. *Id.*

32. *State v. Edmond*, 933 S.W.2d 120, 125 (Tex. Crim.App.1996), *citing Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903, 909 (1983).

33. *Ex parte Granviel*, 561 S.W.2d 503, 513 (Tex. Crim.App.1978); *Shannon*, 800 S.W.2d at 900; *Muller*, 798 S.W.2d at 320.

34. Tex. Transp. Code Ann. § 524.022(a) (Vernon Pamph.1998).

35. Tex. Transp. Code Ann. § 724.035(a)(1).

tion of a motor vehicle.[36] Therefore, Kerr was actually only asked to give one specimen after his arrest.

Kerr has not presented any evidence of actual abuse by law enforcement officers when requesting breath or blood specimens. We may not hold a statute facially invalid simply because it may be unconstitutionally applied under hypothetical facts which have not yet arisen.[37]

Kerr has failed to show that Sections 724.011 and 724.012 of the Transportation Code are unconstitutionally vague as applied to him in this case or that the sections were enforced against him in an arbitrary and discriminatory manner. Kerr's sole point of error is overruled.

The judgment of the trial court is affirmed.

---

36. Tex. Transp. Code Ann. § 724.002.

37. *Texas Boll Weevil Eradication Found., Inc. v. Lewellen,* 952 S.W.2d 454, 463 (Tex.1997).