OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

March 8, 1999

Ms. Doretta Conrad
Administrator
Texas State Board of Plumbing Examiners
P.O. Box 4200
Austin, Texas 78765

Opinion No. JC-0012

Re:     Whether section 5B(a) of the Texas Plumbing License Law, TEX. REV. CIV. STAT. ANN. art. 6243-101 (Vernon Supp. 1999), authorizes the State Board of Plumbing Examiners to adopt plumbing codes of statewide applicability, and related questions  (RQ-1034)

Dear Ms. Conrad:

Section 5B(a) of the Texas Plumbing License Law (the "Act"), TEX. REV. CIV. STAT. ANN. art. 6243-101 (Vernon Supp. 1999), *see id.* art. 6243-101, § 1 (entitling act), requires the State Board of Plumbing Examiners (the "Board") to adopt "the Southern Standard Plumbing Code, the Uniform Plumbing Code, and the National Standard Plumbing Code," all of which are adopted by private entities. You ask about the Board's authority under section 5B to adopt plumbing codes of statewide applicability and about a municipality's authority to adopt a code that varies from the codes the Board has adopted. We construe section 5B(a) under the presumption of constitutionality to incorporate by reference the three listed codes as they existed in 1993, when section 5B was adopted. Given this construction, we conclude that Attorney General Opinion MW-545 (1982) has been superseded by the adoption of section 5B and that the Board has authority to adopt statewide plumbing codes. A municipality need not adopt any of the statewide codes, but it may not adopt a plumbing code that varies in any material sense from the state standards. Finally, consistent with our presumption that section 5B(a) is constitutional, we conclude that the Board may not adopt a code that has been approved by one of the three listed entities since section 5B was enacted in 1993.

We look first at the statute about which you ask. Section 5B of the Act provides for the adoption of plumbing standards:

> (a) To protect the health and safety of the citizens of this state, the Board shall adopt the Southern Standard Plumbing Code, the Uniform Plumbing Code, and the National Standard Plumbing Code.

> (b) In adopting plumbing standards for the proper design, installation, and maintenance of a plumbing system, a municipality or an owner of a public water system may adopt standards that do not substantially vary with rules or laws of this state.

TEX. REV. CIV. STAT. ANN. art. 6243-101, § 5B (Vernon Supp. 1999). We understand that the three codes listed in subsection (a) (collectively, the "codes") all are promulgated by private entities. Although each of the three codes is subject to revision by the private entities and, in fact, each has been revised since section 5B's 1993 adoption, *see* Act of Apr. 29, 1993, 73d Leg., R.S., ch. 100, 1993 Tex. Gen. Laws 189; Letter from Jeff H. Risley, Managing Director Plastic Pipe & Fittings Ass'n, & Laurie Hansen, Government Affairs Director, American Plastics Council, to Sarah Shirley, Chair, Opinion Committee (Jan. 14, 1998) (on file with Opinion Committee), subsection (a) does not specify a particular edition of any of the codes. We further note that subsection (a) facially requires the Board to adopt all of the codes and does not provide the Board with any discretion to evaluate, modify, or reject any portion of the codes.

Previous opinions of this office suggest that a statute that adopts the rules of a private entity without specifically identifying the particular rules, *e.g.*, by date or edition, adopts the rules as they exist at the time the statute is adopted but not future amendments to the rules. *See* Tex. Att'y Gen. Op. Nos. DM-159 (1992) at 2; JM-629 (1987) at 3. Previous opinions also assert that a prospective delegation of legislative powers to a private entity violates article III, section 1 of the Texas Constitution, which vests law-making power in the legislature, unless the state or a state agency is provided discretion to determine whether to approve and adopt future amendments to the rules by the private entity. *See, e.g.*, Tex. Att'y Gen. Op. Nos. DM-378 (1996) at 2; DM-211 (1993) at 6-7; JM-629 (1987) at 3; JM-509 (1986) at 3-4.

The previous opinions rely upon dicta in a 1946 decision of the Texas Supreme Court, *Dudding v. Automatic Gas Co.*, 193 S.W.2d 517 (Tex. 1946). In *Dudding* the Court weighed the constitutionality of a statute that required containers for the storage of liquefied petroleum gas to conform to standards "as recommended by the National Fire Protection Association, effective July[] 1937, . . . known as [the] National Board of Fire Underwriters Pamphlet No. 58 being on file with the . . . Railroad Commission . . . ." *Id.* at 519 (quoting TEX. REV. CIV. STAT. ANN. art. 6053, § 2a). The court found that the statute at issue in *Dudding* did not prospectively adopt the future rules of an unofficial agency and deemed the statute constitutional. *See id.* at 520. Notably, however, the *Dudding* court distinguished the statute before it from one the Kansas Supreme court held invalid, *see State v. Crawford*, 177 P. 360 (Kan. 1919), which adopted "present as well as prospective rules of an unofficial association as a standard of conduct . . . ." *Dudding*, 193 S.W.2d at 520.

While previous opinions of this office have been unclear on this point, we must begin our analysis with a "strong presumption" that a statute is constitutional. *Salvatierra v. Via Metro. Transit Auth.*, 974 S.W.2d 179, 182 (Tex. App.–San Antonio 1998, pet. denied); *see* Tex. Att'y Gen. Op. No. JM-629 (1987) at 3. If it is possible reasonably to construe statutory language so as to render the statute constitutional, this office, like a court, is compelled to do so. *See Proctor v. Andrews*, 972 S.W.2d 729, 735 (Tex. 1998); *Ex parte Elliott*, 973 S.W.2d 737, 742 (Tex. App.–Austin 1998, pet. ref'd); *Kerr v. Texas Dep't of Public Safety*, 973 S.W.2d 732, 734 (Tex. App.–Texarkana 1998, no pet.); *Steinmetz v. State*, 968 S.W.2d 427, 429 (Tex. App.–Texarkana 1998, no pet.); *Motorola, Inc. v. Tarrant County Appraisal Dist.*, 980 S.W.2d 899, 920 (Tex. App.–Fort Worth 1998, no pet.); *Ex parte Mallares*, 953 S.W.2d 759, 764 (Tex. App.–Austin 1997,

no pet.). "Statutes are given a construction consistent with constitutional requirements, when possible, because the legislature is presumed to have intended compliance with [the constitution]." *Proctor*, 972 S.W.2d at 735 (quoting *Brady v. Fourteenth Court of Appeals*, 795 S.W.2d 712, 715 (Tex. 1990)); *see also* TEX. GOV'T CODE ANN. § 311.021(1) (Vernon 1998) (stipulating that legislature intends to comply with state and federal constitutions).

To render the statute constitutional, we construe section 5B(a) to adopt the Southern Standard Plumbing Code, the Uniform Plumbing Code, and the National Plumbing Code as they existed at the time section 5B was adopted. This construction avoids an interpretation that may unconstitutionally delegate law-making authority to private entities. Accordingly, revisions to the three codes made since 1993 are not incorporated into state law. *Cf. Ex parte Elliott*, 973 S.W.2d at 741 ("The general rule is that when a statute is adopted by a specific descriptive reference, the adoption takes the statute as it exists at that time . . . .").

With this construction of section 5B(a), we consider the questions you ask. You ask whether the 1993 adoption of section 5B of the Act effectively supersedes Attorney General Opinion MW-545, which was issued prior to section 5B's adoption. We conclude that it does. Attorney General Opinion MW-545 concludes that the Act fails to provide the Board with either express or implied authority to adopt a plumbing code that governs plumbing work done throughout the state. Tex. Att'y Gen. Op. No. MW-545 (1982) at 3. Section 5B(a) now provides the Board with express authority to adopt a plumbing code of statewide applicability. Given the specific legislative enactment and our construction of section 5B(a) so as to render it constitutional, however, the Board's authority to adopt statewide codes is limited to the 1993 editions of the codes. Concomitantly, the Board has no discretion to adopt subsequent or other editions of the codes.

You also suggest alternative constructions of section 5B(b) and ask which is correct: "Does Section 5B taken as a whole mean that a city must adopt one of the three state approved codes in (a) but then may modify the standards within one of the three approved codes it has adopted so long as the modifications do not substantially vary with the standard contained in the code, *or* does Section 5B mean that a city can adopt any plumbing code it chooses so long as the code does not substantially vary with the rules or laws of this state?" Letter from Gilbert Kissling, Administrator, Texas State Board of Plumbing Examiners, to Sarah Shirley, Chair, Opinions Division, Office of the Attorney General (Nov. 18, 1997) (on file with Opinion Committee).

We conclude that a municipality need not adopt any of the three codes named in section 5B(a). Subsection (b) permits a municipality to "adopt standards that do not substantially vary with rules or laws of this state." TEX. REV. CIV. STAT. ANN. art. 6243-101, § 5B(b) (Vernon Supp. 1999). Subsection (b) plainly does not require a municipality to adopt one of the three codes named in subsection (a).

On the other hand, municipal standards may not vary "substantially" from the state standards that are incorporated by reference in section 5B(a). Thus, a municipality has no authority to adopt plumbing standards that materially differ from the state standards. The ordinary and plain meaning

of the word "substantial" "encompasses the idea that the thing in question is 'ample,' 'material,' or 'considerable' in degree value, or amount. . . ." *Barrow v. State*, 973 S.W.2d 764, 768 (Tex. App.–Amarillo 1998, no pet.) (quoting AMERICAN HERITAGE DICTIONARY 1284). The term does not permit material variations. *See* BLACK'S LAW DICTIONARY 1280 (5th ed. 1979) (defining "substantial"); *see also City of Temple v. Mitchell*, 180 S.W.2d 959, 962 (Tex. Civ. App.–Austin 1944, no writ) (suggesting that term "substantial" denotes more than a trifle). We are directed generally to construe statutory terms consistently with their ordinary meaning. *See* TEX. GOV'T CODE ANN. § 312.002(a) (Vernon 1998).

Whether a particular municipal standard that is not identical to state plumbing standards varies substantially from that state standard is a question of fact. *See Barrow*, 973 S.W.2d at 768 (stating that whether something is substantial will "depend upon the circumstances involved"). Questions of fact cannot be determined in the opinion process. *See, e.g.*, Tex. Att'y Gen. Op. Nos. DM-98 (1992) at 3; H-56 (1973) at 3; M-187 (1968) at 3; O-2911 (1940) at 2.

Our construction of section 5B(a) obviates the need to answer your final question. You ask whether, if a private entity that promulgates one of the codes "quits issuing [that] code and binds a different [unlisted] code under its name," the Board must adopt the new code. The Board may not adopt the new code. As we have stated, to preserve section 5B(a)'s constitutionality, we presume that the section incorporates into state law the codes listed only as they existed in 1993, when section 5B was adopted. Any revisions to the codes that have occurred since 1993, including the one you particularly describe, consequently are not part of state law.

## S U M M A R Y

Section 5B(a) of the Texas Plumbing Law, TEX. REV. CIV. STAT. ANN. art. 6243-101 (Vernon Supp. 1999), incorporates by reference "the Southern Standard Plumbing Code, the Uniform Plumbing Code, and the National Standard Plumbing Code" as each existed in 1993, when section 5B was adopted. The 1993 adoption of section 5B effectively overrules Attorney General Opinion MW-545, which was issued prior to the enactment of section 5B. *See* Tex. Att'y Gen. Op. No. MW-545 (1982) at 3. Consequently, the Texas State Board of Plumbing Examiners has express authority under section 5B(a) to adopt a plumbing code of statewide applicability.

A municipality need not adopt any of the three codes named in section 5B(a). On the other hand, municipal standards may not vary "substantially" from the state standards that are incorporated by reference in section 5B(a). Whether a particular municipal standard that is not identical to state plumbing standards varies substantially from that state standard is a question of fact.

Any revisions to the three codes listed in section 5B(a) that have occurred since 1993 are not incorporated into state law. Accordingly, the Texas State Board of Plumbing Examiners may not adopt post-1993 revisions to the codes.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General