Opinion issued March 17, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00271-CV

———————————

Enterprise Leasing Company of Houston, Appellant

V.

Harris
County Toll Road Authority, Appellee



 



 

On Appeal from the County Civil Court at Law No. 4 

Harris County, Texas



Trial Court Case No. 915,718

 



 

O P I N I O N

          In
this appeal, we consider whether the trial court erred in affirming an
administrative ruling holding appellant, Enterprise Leasing Company of Houston
[“Enterprise”] liable to the Harris County Toll Road Authority [“HCTRA”] for
tolls that were incurred, but not paid for, by lessees of Enterprise’s
vehicles.  Specifically, we consider (1)
whether Enterprise was entitled to trial de novo in the trial court, (2)
whether Enterprise established the affirmative defenses of estoppel and waiver,
and (3) whether HCTRA’s selective enforcement of the applicable statute
precludes it from pursuing its claims against Enterprise.  We affirm.

BACKGROUND

          Enterprise is a rental car
agency that leases cars to consumers. 
Occasionally, some renters of Enterprise’s vehicles drive on HCTRA’s
toll roads without paying the required toll. 
The operator’s failure to pay a required toll on a Texas roadway
violates section 284.070 of the Texas Transportation Code, which provides as
follows:

A person
commits an offense if the person:

(1) operates a vehicle on a county project; and

(2) fails or refuses to pay
a toll imposed under Section 284.069

 

Tex. Transp. Code Ann. § 284.070 (Vernon 2009).    The
transportation code provides that that “[i]n the event of an offense committed
under Section 284.070 . . . the registered owner of the nonpaying vehicle is
liable for the payment of both the proper toll and an administrative cost.” Tex. Transp. Code Ann. § 284.0701(a).  The statute further provides that the registered
owner of a vehicle for which the proper toll was not paid also commits an
offense if he fails to make payment after receiving proper notice of
nonpayment. See Tex. Transp. Code Ann. § 284.0701(c). Thus,
under these sections, Enterprise, as registered owner of the nonpaying cars,
would be liable for the tolls, even though their renters actually committed the
offense.

            However, in September 2003, the
Texas Legislature created an affirmative defense for car companies whose
renters incurred toll road violations. 
The statute creating this affirmative defense provides as follows:

It is an exception to the application of Subsection
(a) or (c) if the registered owner of the vehicle is a lessor of the vehicle
and not later than the 30th day after the date the notice of nonpayment is
mailed provides to the authority:

 

(1) a copy of the rental, lease, or other contract
document covering the vehicle on the date of the nonpayment under Section
284.070, with the name and address of the lessee clearly legible; or

 

(2) electronic data, other than a photocopy or scan
of a rental or lease contract, that contains the information required . . .
covering the vehicle on the date of the nonpayment under Section 284.070.

 

Tex. Transp. Code Ann. § 284.0701(d).  After the
affirmative defense statute providing the exception for rental companies was
passed, Enterprise and HCTRA entered into an agreement that settled all
offenses for which Enterprise may have been liable that occurred prior to the
effective date of the affirmative defense statute.

            After the affirmative offense statute
went into effect, Enterprise began claiming the exception for new
violations.  Specifically, as Enterprise
would get notices of nonpayment from HCTRA, it would look up the renter’s
information and provide it to HCTRA.

            Enterprise and HCTRA initially
cooperated to create an electronic exchange system to eliminate the vast amount
of paperwork that was involved in the reporting process.  However, Enterprise was unable to keep up
with the influx of unpaid invoices and soon it fell behind in its efforts to
claim the exception created by section 284.0701(d) by submitting copies of the
rental agreements within 30 days.

            Steve Moore, a representative of
Enterprise, called HCTRA’s attorney, D’Arwyn Daniels, to explain the difficulty
that Enterprise was having in providing the rental agreements within 30 days of
notice of nonpayment.  Enterprise claims
that Daniels told it that the 30-day requirement could be extended to 45-days
for all future reporting purposes.

            In November 2006, Daniels requested
a meeting with Enterprise, at which he advised Enterprise that HCTRA expected
Enterprise to pay fines and fees for hundreds of violations that accrued after
July 7, 2004, because Enterprise had not properly proved that it was entitled
to claim the statutory exemption provided by section 284.  Specifically, Enterprise had provided the
rental information required to claim the exemption more than 30 days after it
had received notice of nonpayment.

            In December 2007, seven of HCTRA’s claims
were heard in an administrative hearing to determine whether Enterprise was
liable for the alleged violations by its renters, or whether it was entitled to
claim the statutory exemption.  The
administrative judge determined that Enterprise was liable for the tolls, and
ordered it to pay administrative fees and the tolls to HCTRA.  Enterprise appealed the decision to Harris
County Court at Law No. 4, and the trial court affirmed five of the seven
claims.  Those claims are the subject of
this appeal by Enterprise.

STANDARD OF REVIEW ON APPEAL

We review de novo the determination
by the county court at law.  Tex. Dep’t of Pub. Safety v. Friedel,
112 S.W.3d 768, 770 (Tex. App.—Beaumont 2003, no pet.).  The question of whether the hearing officer’s
initial determination meets the substantial evidence standard is one of law.  Montgomery
Indep. Sch. Dist. v. Davis, 34 S.W.3d 559, 566 (Tex. 2000).  We review questions of law without affording
any deference to the county court at law’s determination.  Tex.
Dep’t of Pub. Safety v. Cuellar, 58 S.W.3d 781, 784 (Tex. App.—San Antonio
2001, no pet.).

STANDARD OF REVIEW IN TRIAL COURT

          In its first issue on appeal,
Enterprise contends that the trial court applied an improper standard in its
judicial review of the hearing officer’s decision.  Specifically, Enterprise contends that it was
entitled to a trial de novo in the county court.  We disagree.

          Section 284.202 of the Texas
Transportation Code grants the commissioners court of a county with a
population exceeding 3.3 million the right to issue an order prohibiting the
operation of a motor vehicle on a county project if the operator of the vehicle
has failed to pay a required toll or charge. 
See Tex. Transp. Code Ann. §§284.201,
284.202(a).   Harris County Commissioners
Court has issued such an order, which is entitled “Order Prohibiting the Operation of a
Motor Vehicle on a County Toll Road Facility After Failure to Pay Required Toll
or Charge; Imposing Fees; And Adopting Administrative Adjudication Procedure For
Violation of Prohibition,” signed May 4, 2004 [hereinafter, the “Order”].  The violation of this Order, which is based
on sections 284.202 and 284.070 of the Transportation Code, served as the basis
for the complaints against Enterprise in the administrative hearing. 

While the Texas Transportation Code does not define the
standard of judicial review to be applied in a toll violation case, it grants
the Harris County Commissioners Court the authority to adopt an administrative
adjudication hearing procedure for violations of orders adopted by a
commissioners court pursuant to section 284.202(a).  See
Tex. Transp. Code Ann. § 284.204
(Vernon 2009).  The Order adopted by
Harris County Commissioners Court creates such an administrative adjudication
hearing procedure.  Regarding the appeal
of a hearing officer’s decision, the Order provides:

The reviewing court may not substitute its judgment
for the judgment of the hearing officer on the weight of the evidence on
questions committed to the hearing officer’s discretion but:

(i)               
may affirm the
decision of the hearing officer in whole or in part; and

(ii)            
shall reverse, or
remand for further proceedings if substantial rights of the person have been
prejudiced because the decision of the hearing officer is:

(a) 
in violation of a
constitutional or statutory provision;

(b)
in excess of the
hearing officer’s statutory authority;

(c) 
made through an
unlawful procedure;

(d)
affected by
another error of law;

(e) 
not reasonably
supported by substantial evidence considering the reliable and probative
evidence in the record as a whole; or

(f)  
arbitrary or
capricious or characterized by abuse of discretion of clearly unwarranted
exercised of discretion.

 

The
language in the Order is identical to that of § 2001.174 of the Administrative
Procedures Act (“APA”), which provides the procedural framework for the
judicial review of a state agency’s action. 
See Tex. Gov’t Code Ann. § 2001.174.  The APA provides that when the law does not
define the scope of judicial review, the “substantial evidence” standard shall
apply.  Id. The APA, which the Order mirrors, further provides that under
the “substantial evidence rule,” the trial court is to conduct its review with
no jury and confines the court to review of the agency record from the
administrative hearing.  Id. at § 2001.175(e)

Nevertheless, Enterprise argues that because its appeal
hinges on a question of law—the interpretation of chapter 284 of the
Transportation Code—it was entitled to a trial de novo.  We agree that the interpretation of a statute
in a question of law. See Kerr v. Tex.
Dept. of Pub. Safety, 973 S.W.2d 732, 734 (Tex. App.—Texarkana 1998, no
pet.) (“[T]he interpretation of a statute is a question of law, and questions
of law are review de novo by the appellate court.”).  We further agree that this Court reviews the
trial court’s interpretation of statutes de novo.  See
Cuellar, 58 S.W.3d at 784. However, nothing
prevents the trial court, in the course of conducting a hearing under the
substantial-evidence standard, from considering such questions of law.  Indeed, the APA and the Order both provide
that the reviewing court shall reverse, or remand for further proceedings if
substantial rights of the person have been prejudiced because the decision of
the hearing officer is in violation of a constitutional or statutory provision.  While Enterprise is entitled to de novo
review of the interpretation of a statute, nothing provides for a trial de
novo.  As such, the trial court did not
err by refusing to grant Enterprise’s motion for trial de novo.

          We overrule Enterprise’s first issue
on appeal.

WAIVER AND ESTOPPEL

In its second issue, Enterprise asserts
that the affirmative defenses of estoppel and waiver should be applied against
HCTRA to prevent them from enforcing the Transportation Code against
Enterprise.  Affirmative defenses of
waiver and estoppel are equitable in nature. 
See Ulico Cas. Co. v. Allied
Pilots Ass’n, 262 S.W.3d 773, 778 (Tex. 2008).  Affirmative defenses based
in equity have been consistently held not to apply when the activity complained
of is a governmental function.  See, e.g., City of Hutchins v. Prasifka,
450 S.W.2d 829, 835 (Tex. 1970) (“The general rule has been in this state that
when a unit of government is exercising its governmental powers, it is not
subject to estoppel.”); Clear Lake Water
Auth. v. Winograd, 695 S.W.2d 632, 640 (Tex. App.—Houston [1st Dist.] 1985,
writ ref’d n.r.e.) (holding that estoppel does not apply against a unit of
government exercising its governmental functions); Capitol Rod & Gun Club v. Lower Co. River Auth., 622 S.W.2d 887,
896 (Tex. App.—Austin 1981, writ ref’d n.r.e.) (“[T]he general rule is that
where a unit of government is exercising its governmental powers, it is not
subject to estoppel or laches.”); Lewis
Cox & Son v. High Plains Underground Water, 538 S.W.2d 659, 662 (Tex. Civ.
App.—Amarillo 1976, writ ref’d n.r.e.), overruled
on other grounds by Monsanto Co. v.
Cornerstones Mun. Util. Dist., 865 S.W.2d 937 (Tex. 1993) (“[T]he uniform
rule is that the state and its essential instrumentalities are immune from the
defenses of limitations, laches, and estoppel . . . .”).

Courts have, however, recognized a
limited exception in some circumstances when a party raises an equitable
estoppel claim.  City of Hutchins, 450 S.W.2d at 836.  In Hutchins,
the Texas Supreme Court noted that “a municipality may be estopped in those
cases where justice requires its application, and there is no interference with
the exercise of its governmental functions.”  Id.  The court stated that estoppel in those
situations should be “applied with caution and only in exceptional cases where
the circumstances clearly demand its application to prevent manifest
injustice.”  Id.  

In Roberts v. Haltom City, the Texas Supreme Court again recognized
the exception to the general rule that a city could not be estopped as to its
governmental functions.  543 S.W.2d 75,
80 (Tex. 1976).  The court stated that
“where justice requires it and where no governmental function is impaired,” a
city may be estopped even if exercising a governmental function.  Id.  In determining whether justice requires that
a party be allowed to pursue his claim of estoppel, we will look at the
totality of the circumstances.  The
exception will be exercised only when “justice, honesty, and fair dealing
require it.”  Clear Lake City Water Auth., 695 S.W.2d at 640.  We will take into account the conduct of all
parties.  A party with “unclean hands”
will not be permitted to pursue equitable relief.  See
Foxwood Homeowners Ass’n v. Ricles, 673 S.W.2d 376, 379 (Tex. App.—Houston
[1st Dist.] 1984, writ ref’d n.r.e.).

A.   Application to Counties Exercising
Administrative Powers

First, the Texas Supreme Court has
never applied the exception for equitable doctrines of estoppel and waiver to
any entity other than a municipality.  See Odessa
Texas Sheriff’s Posse, Inc. v. Ector County, 215 S.W.3d 458, 469–70 (Tex. App.—Eastland 2006, pet.
denied). HCTRA’s enforcement of the Texas Transportation Code is unquestionably
a governmental function.  The Texas Tort
Claims Act specifically lists “regulation of traffic” as a governmental
function. See Tex. Civ. Prac. & Rem. Code Ann. § 101.0215 (Vernon
2009).  Because the Texas Supreme Court
has yet to allow the waiver and estoppel defenses to be applied to counties
exercising governmental functions, we decline to apply equitable defenses
against HCTRA.  See Odessa Texas Sheriff’s Posse, 215
S.W.3d at 470 (noting that, because the Texas Supreme Court is always careful
to distinguish between governmental and proprietary activities, it is unlikely it
would apply the doctrine of equitable estoppel to counties).

B.  Interference with
Governmental Function

Even if the equitable defenses of
estoppel and waiver were available to Enterprise, their application would be
inappropriate in this case because it would interfere with HCTRA’s governmental
function to enforce the law.  Again, estoppel
may apply in those cases where justice requires its application, but only if
there is no interference with the exercise of governmental functions. See City of Hutchins, 450 S.W.2d at 835.
To grant Enterprise the defenses of waiver and estoppel would require HCTRA to
vary the terms of the Transportation Code passed by the Texas Legislature by
extending the deadline by fifteen days. Not only does this greatly interfere
with HTCRA’s government function to enforce the law, it implicates serious
separation of powers concerns by permitting a political subdivision to
effectively amend state law.  See City of White Settlement v. Super Wash,
198 S.W.3d 770, 773 (Tex. 2006) (“[B]arring estoppel helps preserve separation
of powers; legislative prerogative would be undermined if a government agent
could—through mistake, neglect, or an intentional act—effectively repeal a law
by ignoring, misrepresenting, or misinterpreting a duly enacted statute or regulation.”).

Accordingly, we hold that the trial
court did not err in granting judgment against Enterprise as to its claim that
HCTRA either waived or should be estopped from asserting its claims.  See
Truong v. City of Houston, 99 S.W.3d 204, 213 (Tex. App.—Houston [1st
Dist.] 2002, no pet.) (holding that because there is no manifest injustice,
summary judgment was appropriate).

We overrule Enterprise’s second and
third points of error.

SELECTIVE ENFORCEMENT OF TRANSPORTATION CODE

          In its fourth issue,
Enterprise asserts that HCTRA did not comply with the deadlines imposed by
chapter 284 of the Transportation Code, thereby precluding its enforcement of
certain claims against Enterprise. 
Specifically, section 284.0701(b) states that “[t]he county shall send a
written notice of nonpayment to the registered owner of the
vehicle . . . not later than the 30th day after the date of
the alleged failure to pay.”  Tex. Transp. Code Ann. § 284.0701(b)
(Vernon 2009).  

Enterprise contends that a failure
to pay occurs immediately when the lessee drives through the toll without
paying.  As a result, Enterprise asserts
that HCTRA failed to comply with the notice requirements in
chapter 284 and penalized Enterprise for their own noncompliance, resulting in
improper selective enforcement of the Texas Transportation Code.  

Section 284.204 gives the
commissioners court the authority to adopt an administrative adjudication
hearing procedure “for a person who is suspected of having violated an order
adopted under Section 284.202(a) [here, the “Order”] on least two separate
occasions within a 12-month period.”  Tex. Transp. Code Ann. § 284.204. 
Thus, HCTRA’s policy of bundling three offenses before determining that
there has been a “failure to pay” is in accord with the statute providing for
an administrative adjudication after “at least two” suspected offenses.

It is entirely within HCTRA’s
prerogative to prescribe when a “failure to pay” actually occurs, and the
method they have chosen is not entirely unfair or unreasonable.  See
Tex. Dep’t of Ins. v. Reconveyance Servs., Inc., 240 S.W.3d 418, 431 (Tex.
App.—Austin, 2007), rev’d on other grounds,
306 S.W.3d 256 (Tex. 2010) (“Implicit in a regulatory
scheme . . . is the power of [the entity] to interpret the
statutes it is charged with administering and enforcing.”).  Section 284.003 states that “a county, acting
through the commissioners court of the county . . . may
impose tolls or charges as otherwise authorized by this chapter.”  Tex.
Transp. Code Ann. § 284.003(3) (Vernon 2009).  HCTRA, acting as a division of Harris County,
is authorized by the statute to administer and enforce toll road charges
pursuant to chapter 284.  In addition,
HCTRA’s interpretation of section 284.0701 is a fair interpretation of the
statutory requirements by the enforcing agency and provides practical benefits
to the parties involved, including Enterprise, and we will defer to an agency’s
interpretation of a statute when there is room for policy determinations.  See
Gulf Coast Coalition of Cities v. Pub. Util. Comm’n, 161 S.W.3d 706, 712
(Tex. App.—Austin 2005, no pet.) (“When there is . . . room for policy
determinations, we defer to an agency’s interpretation unless it is plainly
inconsistent with the language of the rule.”).

          Accordingly,
we hold that the trial court did not err in determining that HCTRA’s policy of accumulating
three violations before sending notice did not preclude the application of
section 284.0701(d).  See Star
Houston, Inc. v. Tex. Dept. of Transp., 957 S.W.2d 102, 105–06 (Tex. App.—Austin 1997, pet.
denied) (agency’s interpretation of undefined statutory term was supported by
the statute).

          We
overrule Enterprise’s fourth point of error.

CONCLUSION

          We affirm the trial court’s
judgment.

 

 

                                                                    Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Alcala and Massengale. 

Publish.  See Tex. R. App. P. 47.2(a).