Jose Manuel AGUIRRE, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–96–00111–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

June 26, 1997.

Lee Wilson, Houston, for appellant.

Kelli Pool Roper, Houston, for appellee.

Before LEE, AMIDEI and ROBERTSON [1], JJ.

## OPINION

AMIDEI, Justice.

Jose Manuel Aguirre appeals his conviction by a jury for felony driving while intoxicated (DWI). The trial court assessed his punishment at five years imprisonment and no fine. In two points of error, appellant contends (1) the trial court erred in admitting a videotape into evidence that had no sound track, and (2) the trial court erred by refusing to take judicial notice of a portion of the implied consent statute authorizing additional blood tests upon proper request of an accused. We affirm.

On February 9, 1995, deputy James H. Shannon was on patrol in Harris County and heard a radio dispatch advising all officers of a suspected DWI driving a pickup truck. Deputy Shannon observed appellant in his gray pickup truck weaving back and forth over two driving lanes and the shoulder of the road. Deputy Shannon stopped appellant and banged on appellant's car door and told appellant to get out of the car. Appellant fumbled with the door for thirty seconds and got out. Deputy Shannon immediately smelled a strong odor of alcohol, noted appellant's slurred speech and observed his bloodshot eyes. Appellant then started to fall and deputy Shannon grabbed appellant and broke his fall. Deputy Shannon then walked appellant to the rear of his pickup truck and told appellant to hang on to the tailgate of the truck and spread his feet apart. Deputy Shannon did not administer any field sobriety tests to appellant because appellant "was falling down drunk." Appellant was taken to the sheriff's office where he was videotaped by another officer performing field sobriety tests. Appellant refused to take a breath test upon request of deputy Shannon and signed the form indicating his refusal to take the breath test.

In point of error one, appellant contends the trial court erred in admitting a videotape in evidence that had no sound. Appellant contends the videotape taken at the sheriff's office was thus unreliable and untrustworthy.

■ The videotape was not part of the record in this case and appellant has waived this point of error. By failing to present a complete record including the alleged defective videotape, appellant has waived error concerning the admissibility of the videotape. Tex.R.App. P. 50(d); *Garcia v. State*, 901 S.W.2d 724, 729 (Tex.App.—Houston [14th Dist.] 1995, pet. ref'd).

■ In any case, deputy Shannon authenticated the video portion of the tape testifying the tape was a fair and accurate depiction of appellant's actions and performance of the field sobriety tests at the sheriff's office on the night of the offense. *Kephart v. State*, 875 S.W.2d 319, 321–22 (Tex.Crim.App.1994) established the rules for authenticating video tapes since the adoption of the Texas Rules of Criminal Evidence on September 1, 1986. The court of criminal appeals stated that the seven-pronged test for the admissibility of audio and videotapes set out in *Edwards v. State*, 551 S.W.2d 731 (Tex.Crim.App.1977) (cited by appellant as controlling in this case) has been superseded by the rules of criminal evidence. *Id.* at 320. The *Kephart* court held, in pertinent part:

> Rule 901(b)(1), entitled "Testimony of witness with knowledge," provides for authentication of evidence by "[t]estimony that a matter is what it is claimed to be." This rule requires the sponsoring witness to have knowledge that the evidence is what its proponent says it is. "An obvious method of satisfying the requirement of prima facie identification of an item and/or its source, etc., is to present the testimony of a person with personal knowledge that the item is what it is claimed to be" [citation omitted]. Regarding photographs or motions pictures the, Rule 901(b) allows for authentication to be accomplished by the testimony of any witness who has personal knowledge that the particular item

---

1. Justice Robertson sitting by assignment.

accurately represents the scene or event it purports to portray. Since video tapes are considered photographs for purposes of our evidentiary rules, Tex.R.Crim. Evid. 1001(2), we hold rule 901(a) and (b) are applicable in the instant case.

*Id.* at 321.

The videotape in this case was properly authenticated by deputy Shannon "by evidence sufficient to support a finding that the matter in question is what its proponent claims." *Id.* at 321. *See also Hooker v. State,* 932 S.W.2d 712, 715–16 (Tex.App.—Beaumont 1996, no writ). Appellant's point of error one is overruled.

In point of error two, appellant contends the trial court erred in refusing to take judicial notice of the Texas statute concerning an accused's right to a blood test by a qualified person of his own choosing. Tex.Rev.Civ. Stat. Ann. art. 6701*l*–5, § 3(d) (repealed, now § 724.019, Texas Transportation Code, effective September 1, 1995). That section of the implied consent statute provided, in pertinent part:

> The person who gave a specimen of breath, blood, urine, or other bodily substances in connection with this Act may, upon request and within a reasonable time not to exceed two hours after the arrest, have a physician, qualified technician, chemist, or registered professional nurse of his own choosing draw a specimen and have an analysis made of his blood in addition to any specimen taken and analyzed at the direction of a peace officer. Such person shall be allowed a reasonable opportunity to contact a person listed in this subsection who may draw blood, provided that a peace officer or law enforcement agency is not required to transport for such testing a person who has requested that a blood specimen be drawn under this subsection.

The record reflects appellant cross-examined deputy Shannon concerning an accused's right to provide a blood sample *instead* of a breath sample. The following question and answer scenario then occurred:

> Q [appellant]: Okay. Basically, let me—let me kind of accelerate it. What—basically, isn't it true that someone who's arrested for suspicion of D.W.I., they can be told when they're asked to provide a breath sample through this intoxilyzer machine, that that person can respond, I would rather provide a blood sample; isn't that correct?
>
> A [Shannon]: Not to my knowledge, sir.
>
> Q [appellant]: You're saying that that does not exist? That procedure does not exist?
>
> A [Shannon]: Of asking them if they would—them determining if they would rather give blood than breath?
>
> Q [appellant]: Is that—
>
> A [Shannon]: As far as I know, that is not—that is not available to them, sir. That is, the type of test is determined by the law enforcement agency.
>
> Q [appellant]: Okay. So you're saying—you're telling this jury that if someone arrested for suspicion of D.W.I., when they're asked to provide a breath sample, if they say, I'd rather provide a blood sample. I'd rather bring my own personal physician here to the substation so—so that a blood sample can be produced, that that's not acceptable? That's what you're saying? That procedure does not exist?
>
> A [Shannon]: I don't know the answer to that question. I'd have to check with my supervisor if that exists under—it was never part of my field sobriety training.

■ The deputy's response was correct; the statute did not give a right to a blood test *instead* of a blood sample. The statute gave the right to an accused to obtain a blood test by a qualified person of his own choosing: (1) If he first gave a specimen of breath, blood, etc., (2) made the request within two hours of his arrest, and (3) made arrangements to have his technician come to the station to administer the test. Under the hypothetical fact scenario posed by appellant in this case, the officer's answer was correct—no law exists authorizing the officer to allow an accused to furnish a blood sample *instead* of taking a breath test. In *Drapkin v. State,* 781 S.W.2d 710, 712 (Tex.App.—Texarkana 1989, pet. ref'd), the court of appeals held:

> The contention that a defendant has a choice of method of alcohol level testing

has been rejected in several cases. The courts have held that the method of testing for intoxication is within the discretion of the arresting officers [citations omitted]. Only after the driver has given the specimen *designated by the police officer* may he request an alternative test be given by a person of his choosing [citation omitted] (emphasis added).

*Id.* at 712.

At the conclusion of the evidence, and immediately before the charge was read to the jury, appellant offered into evidence copies of the implied consent statute allowing an accused to get his own blood test *after* he took a breath test. Appellant offered the copies stating: "The Court take judicial notice and these two exhibits be admitted as evidence in this case." The court denied the request. Appellant did not except to the ruling of the court at this point but offered only a reason for wanting to admit his exhibits the fact that deputy Shannon was inexperienced in DWI arrests and to demonstrate to the jury Shannon's "lack of familiarity with blood testing procedures." The trial court responded that appellant did not qualify for his own blood test under that statute because (1) it was over two hours after his arrest, (2) he did not give a breath test as is required, and (3) appellant never requested that he be allowed to get his own technician and give a blood sample. The trial court again overruled appellant's request and asked appellant: "What else do we have?" Appellant responded: "Nothing else. Just on the jury charge, I have no objection."

Appellant argues rule 201(d), Texas Rules of Criminal Evidence, is applicable and "a court shall take judicial notice if requested by party and supplied with the necessary information."

■ Rule 201, Texas Rules of Criminal Evidence, governs "*only* judicial notice of *adjudicative facts*" (emphasis added). The state statute in question, former article 6701*l*–5, § 3(d) (now, § 724.019, Texas Transportation Code), is a legislative fact and not subject to the mandatory requirement of rule 201(d). *Emerson v. State,* 880 S.W.2d 759, 765( Tex.Crim.App.1994). In *Emerson,* the

court of criminal appeals defined "legislative facts" stating:

Legislative facts are those which help the tribunal to determine the content of law and policy and to exercise its judgment or discretion in determining what course of action to take. Legislative facts are ordinarily general and do not concern [only] the parties.

\*      \*      \*      \*      \*      \*

In contrast to legislative facts are adjudicative facts. Adjudicative facts are "facts about the particular event which gave rise to the lawsuit and, like all adjudicative facts, ... [help] explain who did what, when, where, how, and with what motive and intent [citation omitted]. The scope of Texas Rule of Criminal Evidence 201 is limited to judicial notice of adjudicative facts."

*Id.* at 764—765.

■ In *Chapa v. State,* 729 S.W.2d 723, 728 n. 3 (Tex.Crim.App.1987), the court of criminal appeals judicially noticed a Houston ordinance granting taxicab passengers the exclusive right to the passenger compartment in addressing an issue of "reasonable expectation of privacy." The court found such an ordinance was not an adjudicative fact but was a legislative fact. "If a fact is classified as legislative rather than adjudicative, the practical consequences appear to be as follows: ... (3) judicial notice is always discretionary; the mandatory provision, Rule 201(d), does not apply." STEVEN GOODE, OLIN G. WELLBORN III & MICHAEL SHARLOT, GUIDE TO THE TEXAS RULES OF EVIDENCE: CIVIL AND CRIMINAL § 201.2, at 51 (Texas Practice 1993).

■ We find that the implied consent statute is a legislative fact not subject to the mandatory provision of rule 201(d), Texas Rules of Criminal Evidence. Accordingly, the propriety of judicial notice is a discretionary function with the court. In this case, the court did not abuse its discretion in refusing to notice section 3(d) because it clearly was not relevant to the officer's testimony concerning his lack of knowledge of procedures for requests for blood tests by an accused *instead* of a breath test. The officer was

correct when he answered there was no procedure for offering an alternative test, of the accused's own choosing, *instead* of a breath test; the only correct procedure is clearly defined as set out in this opinion and is available to an accused only if he takes a breath test or other test first. The appellant refused to take the breath test offered by deputy Shannon and was not entitled to a blood test by someone of his own choosing. A defendant who has elicited testimony on a collateral matter during cross-examination of a prosecution witness is not entitled thereafter to impeach that collateral testimony through a different witness. *Bates v. State,* 587 S.W.2d 121, 141–43 (Tex.Crim.App.1979) (opinion on reh'g). The test as to whether a matter is collateral is whether the cross-examining party would be entitled to prove it as a part of his case tending to establish his plea. *Id.* In this case, the section 3(d) test was not available to appellant and was therefore not related to deputy Shannon's testimony concerning testing procedures available to DWI suspects. The alternative test in section 3(d) did not tend to prove or disprove any fact in issue, apart from its impeachment value. Appellant's attempt to contradict deputy Shannon's testimony by extrinsic evidence of section 3(d) of the implied consent law (concerning the right to an alternative test after submitting to testing designated by a police officer) was irrelevant and collateral to his testimony concerning his knowledge of the procedures for administration of alcohol tests and the trial court did not abuse its discretion in refusing to permit impeachment of deputy Shannon on such collateral and irrelevant matters. *See also* GOODE, WELLBORN AND SHARLOT, GUIDE TO THE TEXAS RULES OF EVIDENCE: CIVIL AND CRIMINAL, § 607.3 (Texas Practice 1993). Appellant's point of error two is overruled and the judgment of the trial court is affirmed.