MCCLINTON V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 02-02-435-CR

GARY DEWAYNE MCCLINTON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 158
TH
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Gary Dewayne McClinton appeals from his conviction by a jury for felony driving while intoxicated (DWI).  In accordance with the jury’s verdict, the trial court sentenced appellant to ten years’ confinement and a $5,000 fine.  In a single point on appeal, appellant contends that the trial court violated his federal and state constitutional rights to a fair trial by admitting a videotape of his arrest into evidence because the videotape did not fairly and accurately depict his arrest.  We affirm.

On November 2, 2001, Elizabeth Soderberg saw a man slumped over the steering wheel of his truck on Hebron Parkway in Denton County, Texas.  The truck was stopped in a lane of traffic.  When she knocked on his window, the man woke up and began driving erratically.  Soderberg called 911 and followed the man on Hebron into Lewisville until he again stopped in a lane of traffic.  At that point, a police car arrived and parked between Soderberg and the truck.  

Officer Johnson of the Lewisville Police Department received a call that a possible DWI suspect was driving from Carrollton into Lewisville.  When he arrived at the 600 block of Hebron Parkway, he parked behind a silver truck that was stopped in the road.  A man, whom Officer Johnson later identified as appellant, was passed out in the truck.  When Officer Johnson woke appellant, he stepped on the gas pedal and started to leave with Officer Johnson hanging onto the truck.  Officer Johnson yelled for appellant to stop and was able to put the truck in park after appellant applied the brakes.  Officer Johnson then took appellant’s keys. 

Appellant told Officer Johnson he was taking twenty-two different medications, and they had an adverse effect on him.  He also told Officer Johnson he was going to Carrollton, which he had already driven through. When appellant exited the truck, he was unsteady and had to use the truck for balance.  Appellant then performed field sobriety tests, which Officer Johnson stopped because he was afraid for appellant’s safety.  After paramedics examined appellant, he was arrested and taken to the Lewisville jail. 

Officer Johnson’s in-car camera recorded the arrest, but Officer Johnson did not find out until later that the camera had a broken head, which caused the video portion of the tape to be fuzzy and unclear.  Officer Johnson testified that the audio portion of the tape was clear, however.  At trial, Officer Johnson testified that, but for the poor quality of the video portion, the videotape accurately portrayed his stop of appellant on November 2, 2001, and no one had tampered with the tape since the original recording.

We review a trial court’s decision to admit or exclude evidence for an abuse of discretion.  
Burden v. State
, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001). We may not reverse a trial court’s ruling on the admissibility of evidence unless its decision falls outside the zone of reasonable disagreement.  
See Zuliani v. State
, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003); 
Montgomery v. State
, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh’g).

The rules of evidence provide that an item is properly authenticated or identified by “evidence sufficient to support a finding that the matter in question is what its proponent claims.”  
Tex. R. Evid.
 901(a).  Testimony that an item is “what it is claimed to be” is sufficient to authenticate it.  
Tex. R. Evid.
 901(b)(1); 
see also Kephart v. State
, 875 S.W.2d 319, 321 (Tex. Crim. App. 1994), 
overruled on other grounds, Angleton v. State
, 971 S.W.2d 65, 69 (Tex. Crim. App. 1998) (holding that rule 901 applies to the admissibility of videotapes).  An officer’s testimony that a videotape fairly and accurately depicts the events it purports to show is sufficient to authenticate it even if the quality of the videotape is not good.  
See Aguirre v. State
, 948 S.W.2d 377, 378-79 (Tex. App.—Houston [14
th
 Dist.] 1997, pet. ref’d) (holding that deputy sheriff’s testimony that videotape was fair and accurate depiction of the appellant’s performance of field sobriety tests at the sheriff’s office was sufficient evidence of authentication even though videotape had no sound).

Appellant contends that the videotape does not fairly and accurately depict his arrest
(footnote: 2) because the film quality is poor and the frames “jump.”  However, Officer Johnson’s testimony is sufficient to establish the tape’s authenticity.  
See id. 
 In addition, we have viewed the tape and conclude that the trial court could have determined that a reasonable juror could find that the evidence had been sufficiently authenticated.  
See Fluellen v. State
, 104 S.W.3d 152, 163 (Tex. App.—Texarkana 2003, no pet.).  Accordingly, we overrule appellant’s sole point and affirm the trial court’s judgment.

PER CURIAM

PANEL F: LIVINGSTON, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  November 20, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
There are two parts to the videotape: a portion purporting to depict Officer Johnson’s stop and arrest of appellant and a portion showing appellant and Officer Johnson at the police station.  Appellant does not complain about the quality of the portion of the videotape depicting him and Officer Johnson at the police station.