COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
                                         
 
NO. 
02-02-435-CR
 
GARY DEWAYNE MCCLINTON                                                APPELLANT 
 
V.
 
THE STATE OF TEXAS                                                                  STATE 
 
------------
 
FROM THE 
158TH DISTRICT COURT OF DENTON COUNTY 
 
------------
 
MEMORANDUM OPINION



 
------------
        Appellant Gary Dewayne McClinton appeals from his conviction by a jury 
for felony driving while intoxicated (DWI). In accordance with the jury’s 
verdict, the trial court sentenced appellant to ten years’ confinement and a 
$5,000 fine. In a single point on appeal, appellant contends that the trial court 
violated his federal and state constitutional rights to a fair trial by admitting a 
videotape of his arrest into evidence because the videotape did not fairly and 
accurately depict his arrest. We affirm. 
        On November 2, 2001, Elizabeth Soderberg saw a man slumped over the 
steering wheel of his truck on Hebron Parkway in Denton County, Texas. The 
truck was stopped in a lane of traffic. When she knocked on his window, the 
man woke up and began driving erratically. Soderberg called 911 and followed 
the man on Hebron into Lewisville until he again stopped in a lane of traffic. At 
that point, a police car arrived and parked between Soderberg and the truck. 
        Officer Johnson of the Lewisville Police Department received a call that 
a possible DWI suspect was driving from Carrollton into Lewisville. When he 
arrived at the 600 block of Hebron Parkway, he parked behind a silver truck 
that was stopped in the road. A man, whom Officer Johnson later identified 
as appellant, was passed out in the truck. When Officer Johnson woke 
appellant, he stepped on the gas pedal and started to leave with Officer 
Johnson hanging onto the truck. Officer Johnson yelled for appellant to stop 
and was able to put the truck in park after appellant applied the brakes. Officer 
Johnson then took appellant’s keys. 
        Appellant told Officer Johnson he was taking twenty-two different 
medications, and they had an adverse effect on him. He also told Officer 
Johnson he was going to Carrollton, which he had already driven through. 
When appellant exited the truck, he was unsteady and had to use the truck for 
balance. Appellant then performed field sobriety tests, which Officer Johnson 
stopped because he was afraid for appellant’s safety. After paramedics 
examined appellant, he was arrested and taken to the Lewisville jail. 
        Officer Johnson’s in-car camera recorded the arrest, but Officer Johnson 
did not find out until later that the camera had a broken head, which caused the 
video portion of the tape to be fuzzy and unclear. Officer Johnson testified that 
the audio portion of the tape was clear, however. At trial, Officer Johnson 
testified that, but for the poor quality of the video portion, the videotape 
accurately portrayed his stop of appellant on November 2, 2001, and no one 
had tampered with the tape since the original recording. 
        We review a trial court’s decision to admit or exclude evidence for an 
abuse of discretion. Burden v. State, 55 S.W.3d 608, 615 (Tex. Crim. App. 
2001). We may not reverse a trial court’s ruling on the admissibility of evidence 
unless its decision falls outside the zone of reasonable disagreement. See 
Zuliani v. State, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003); Montgomery v. 
State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh’g). 
        The rules of evidence provide that an item is properly authenticated or 
identified by “evidence sufficient to support a finding that the matter in 
question is what its proponent claims.” Tex. R. Evid. 901(a). Testimony that 
an item is “what it is claimed to be” is sufficient to authenticate it. Tex. R. 
Evid. 901(b)(1); see also Kephart v. State, 875 S.W.2d 319, 321 (Tex. Crim. 
App. 1994), overruled on other grounds, Angleton v. State, 971 S.W.2d 65, 
69 (Tex. Crim. App. 1998) (holding that rule 901 applies to the admissibility of 
videotapes). An officer’s testimony that a videotape fairly and accurately 
depicts the events it purports to show is sufficient to authenticate it even if the 
quality of the videotape is not good. See Aguirre v. State, 948 S.W.2d 377, 
378-79 (Tex. App.—Houston [14th Dist.] 1997, pet. ref’d) (holding that deputy 
sheriff’s testimony that videotape was fair and accurate depiction of the 
appellant’s performance of field sobriety tests at the sheriff’s office was 
sufficient evidence of authentication even though videotape had no sound). 
        Appellant contends that the videotape does not fairly and accurately 
depict his arrest 
 

 because the film quality is poor and the frames “jump.” 
However, Officer Johnson’s testimony is sufficient to establish the tape’s
authenticity. See id. In addition, we have viewed the tape and conclude that
the trial court could have determined that a reasonable juror could find that the
evidence had been sufficiently authenticated. See Fluellen v. State, 104
S.W.3d 152, 163 (Tex. App.—Texarkana 2003, no pet.). Accordingly, we
overrule appellant’s sole point and affirm the trial court’s judgment.


                                                                           PER CURIAM 
 
PANEL F:   LIVINGSTON, GARDNER, and WALKER, JJ. 
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: November 20, 2003