1166-15

ORIGINAL

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 23 2015

Abel Acosta, Clerk

IN THE
COURT OF CRIMINAL APPEALS OF TEXAS

------------

No. 11-13-00241-CR

------------

JAMES EDWARD SHAW JR., APPELLANT
V.
THE STATE OF TEXAS

[PETITION FOR DISCRETIONARY REVIEW]

FILED IN
COURT OF CRIMINAL APPEALS

OCT 23 2015

Abel Acosta, Clerk

(I)

## LIST OF PARTIES

Presiding Judge.....................Honorable Michael Moore

Appellant....................James Edward Shaw Jr

Appellee...................The State of Texas

Attorney for State....................District attorney Michael
(Trial Only)                          K. Burns

Attorney for Appellant....................Robert Floyd Watson
(Trial Only)

Attorney for Appellant....................Chad Cannon
(Appeal Only)

# TABLE OF CONTENTS

Cover Sheet . . . . . . . . . . . . . . I

IDentity oF Parties And Counsel . . . . . . ii

TABle OF Contents . . . . . . . . . . . iii

TABle OF Authorities . . . . . . . . . . iv

Statement Regarding Oral ARgument . 1

Statement OF The Case . . . . . . . . . . 2

Statement OF Procedural History . . . 3

Grounds For Review . . . . . . . . . . 4

Argument . . . . . . . . . . . . . . 5

Prayers For Relief . . . . . . . . . 6

Appeals Court Judgement . . . . . . . 7

Appendix . . . . . . . . . . . . 8

Inmate's Declaration . . . . . . . . 9

# TABLE OF AUTHORITIES

CASES

Article 11.073 2014 Tex Crimal Procedures code + Rule Book . . . . . 5

Aguirre v. State, 948 S.W.2d 377 (Tex. App.-Houston[14th Dist.]..10
1997)

Brooks v. State, 323 S.W.3d 893 (Tex. Crim. App. 2008)...........7

Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App.-2007).....9

Dumas v. State, 812 S.W.2d 611 (Tex. App.-Dallas 1991, pet. ref'd).7

Emery v. State, 881 S.W.2d 702, 705 (Tex. Crim. App. 1994)

Green v. State, 350 S.W.3d 617 (Tex. App.-Houston [14th Dist.]2011)7,8

Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560
(1979).................................................................8,9

King v. State, 29 S.W.3d 556 (Tex. Crim. App. 2000)...............8

Salinas v. State, 163 S.W.3d 734 (Rex. Crim. App. 2005)..........7

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument to the statements that DPS Trooper Blue made that did not occur and Vidio show the facts: the following statements was made.

a). "He" Trooper Blue ask appellant to exit vehicle and was place in Blue patrol car.
**VIDIO SHOWS THIS DID NOT TAKE PLACE.**

b). Blue stated he administered the one-leg stand. Appellant told Trooper Blue he cannot do the one-leg stand because of back promblem, Therefore one-leg stand was not administered.

c). Blue testified he had appellant blow into the PBT.
**"APPELLANT DID NOT HAVE ANY RESULTS BECAUSE APPELLANT DID NOT HAVE A BLOW IN THE PBT.**



## STATEMENT OF THE CASE

Appellant, James Edward Shaw, Jr., was convicted on his not guilty plea for the offense of Driving while Intoxicated-3rd or more. Appellant waived his right to a Jury Trial and the court assessed a sentence of 40 years confinement in the Institutional Division of Texas Department of Criminal Justice, along with a fine of $10,000.00.(CR 44). The Trial was conducted in the 29th Judicial District Court of Palo Pinto county, Texas, The Honorable Michael Moore, Judge Presiding, Appellant filed his notice of appeal in the Eleventh court of Appeals.



## STATEMENT OF PROCEDURAL HISTORY

August 6 2015, Opinion and Judement made in the 11th court of Appeals.

(3)

## GROUNDS FOR REVIEW

1. THE EVIDENCE WAS FACTUALLY INSUFFICIENT TO SUPPORT THE TRIAL COURT'S VERDICT AND SENTENCE.

2. The Court OF APPEAls Erred iN Holding That The EvideNce WAS SuFFicieNT.

(4)

# Argument reason For Review

The Appeals court Agreed with (Dumas V State) That The Testimony OF The Arresting Officer is legally Sufficient To Convict For DWI. However, The Appellant would Ask on The Contrary of Trooper Blue's Testimony on cross examination shows That The record contains A mere "modicum" OF Evidence Probative OF An element OF The Offense; The Testimony OF Troop Blue in Fact shows:

(A) That Appellant Had Told him (Trooper Blue) That Appellant has A speech Problem Due To Head Trama I.E. Steel Jaw. Trooper Blue Conceded That He had no reason To disbelieve That was True. (RR III, P. 35).

(B) Trooper Blue Also Testified That Appellant Asked To Take Breath-Test To Prove He was not ~~Intoxihazer~~ Intoxicated. (RR III, P. 50).

(C) Trooper Blue Testified That There was Another Intoxilyzer That He could Have Taken Appellant To For A reading of Breath, But He Chose Not To. (RR III, P. 49).

(D) In DA's Brief He States That Trooper Blue Gave Appellant A PBT witch Appellant would Ask where The reading For That Test is. Appellant contends He was not givin This Opportunity.

(E) Appellant Feels That iF B,C, or D Had Took Place it would Have Produced Relevant Scientific Evidence That: (1A) was not Available To be Offered by A convicted Person At Appellant's Trial. (2B) And Also Finds That, Had The Scientific Evidence been Presented At Trial, On The Preponderance OF Evidence The Appellant would Not Have Been Convicted. (2014 Tex. Crimal Procedures CR ARt 11.073)


(5)

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, The Appellant prays that this Honorable court reversed and remanded for a new trial, or in the alternative a judgment of acquittal be entered, or the case be remanded for a new sentencing hearing,

Respectfully Submitted

*James Edward Shaw Jr.*
JAMES EDWARD SHAW JR.

(6)



# 11TH COURT OF APPEALS
## EASTLAND, TEXAS
### JUDGMENT

James Edward Shaw Jr.,

\* From the 29th District Court
of Palo Pinto County,
Trial Court No. 14957.

Vs. No. 11-13-00241-CR

\* August 6, 2015

The State of Texas,

\* Memorandum Opinion by Bailey, J.
(Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.)

This court has inspected the record in this cause and concludes that there is no error in the judgment below. Therefore, in accordance with this court's opinion, the judgment of the trial court is in all things affirmed.

( 7 )

APPENDIX



[APPENDIX]

(8)

## PETITIONER'S INFORMATION

Petitioner's printed name: _____

State bar number, if applicable: _____

Address: _____

_____

_____

Telephone: _____

Fax: _____

## INMATE'S DECLARATION

I, JAMES Shaw _____, am the applicant / petitioner (circle one) and

being presently incarcerated in TDCJ - Coffield Unit, declare under penalty of

perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on 10 - 16 , 20 15 .

_____

Signature of Applicant / Petitioner (circle one)

9

Rev. 01/14/14

## PETITIONER'S INFORMATION

Petitioner's printed name: _____

Address: _____

_____

_____

Telephone: _____

Fax: _____


Signed on _____, 20_____


_____

Signature of Petitioner


18

Rev. 01/14/14



In The

# Eleventh Court of Appeals

No. 11-13-00241-CR

## JAMES EDWARD SHAW JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 29th District Court

Palo Pinto County, Texas

Trial Court Cause No. 14957

## MEMORANDUM OPINION

Appellant, James Edward Shaw Jr., appeals his conviction for felony driving while intoxicated. After a bench trial, the trial court sentenced Appellant to confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of forty years and a fine of $10,000. In one issue on appeal,

Appellant challenges the sufficiency of the evidence to support his conviction. We affirm.

*Background Facts*

Trooper Burt Blue of the Texas Department of Public Safety testified that he saw Appellant driving a vehicle after dark without the taillights activated. When Trooper Blue stopped Appellant, he smelled "the odor of alcohol coming from the truck." Appellant stepped out of the vehicle, and Trooper Blue noticed that he had bloodshot eyes and that his speech was "real thick-tongued and slurred." Trooper Blue asked Appellant if he had had anything to drink, and Appellant said that he had drunk "two Natural Lights."

Trooper Blue then conducted three field sobriety tests. Appellant exhibited six out of six possible clues for intoxication on the horizontal gaze nystagmus test. Appellant next performed the walk-and-turn test. Trooper Blue observed seven out of eight possible clues for intoxication. Appellant then attempted the one-leg stand test. Appellant displayed three out of four possible clues for intoxication.

After conducting the field sobriety tests, Trooper Blue determined that Appellant was too intoxicated to drive. Trooper Blue arrested Appellant for driving while intoxicated. Trooper Blue then transported Appellant to the Palo Pinto General Hospital. Appellant initially consented to giving a breath specimen. However, the intoxilyzer testing machine malfunctioned, resulting in Trooper Blue being unable to collect a breath specimen. Appellant then refused to give a blood specimen that Trooper Blue subsequently requested.

*Analysis*

In his sole issue on appeal, Appellant challenges the sufficiency of the evidence to support his conviction. He characterizes his evidentiary contention as a factual sufficiency challenge. In doing so, he concedes in his brief that the evidence was legally sufficient. We review a sufficiency of the evidence issue, regardless of

2

whether it is denominated as a legal or factual claim, under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Irrespective of Appellant's concession that the evidence was legally sufficient, we will review the sufficiency of the evidence supporting his conviction to determine if it is sufficient under *Jackson*.

Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). When conducting a sufficiency review, we consider all the evidence admitted at trial, including pieces of evidence that may have been improperly admitted. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). In conducting a sufficiency review, we defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the prosecution and defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

A person commits the offense of driving while intoxicated "if the person is intoxicated while operating a motor vehicle in a public place." TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2014). Appellant attacks only the element of intoxication. Under the Texas DWI statute, intoxication may be proven in either of two ways: (1) loss of normal use of mental or physical faculties or (2) alcohol concentration in the blood, breath, or urine of 0.08 or more. *Id.* § 49.01(2) (West

3

2011); *Kirsch v. State*, 306 S.W.3d 738, 743 (Tex. Crim. App. 2010). The first definition is the "impairment" theory, while the second is the "per se" theory. *Kirsch*, 306 S.W.3d at 743. We are only concerned with the impairment theory in this appeal because a specimen was not obtained from Appellant for testing. Circumstantial evidence may prove that a person has lost the normal use of his mental or physical faculties by reason of introduction of a controlled substance or drug into his body. *See Smithhart v. State*, 503 S.W.2d 283, 284 (Tex. Crim. App. 1973). For purposes of the DWI statute, proving an exact intoxicant is not an element of the offense. *Gray v. State*, 152 S.W.3d 125, 132 (Tex. Crim. App. 2004).

Appellant premises his evidentiary challenge to the element of intoxication on a number of arguments. He initially contends that the malfunction of the intoxilyzer testing machine deprived him of the opportunity to disprove that he was intoxicated. He also asserts that he informed Trooper Blue that he had back problems and a speech impediment and that these conditions provided an explanation for the matters that Trooper Blue observed about his physical condition. Appellant additionally contends that the video recording of his encounter with Trooper Blue did not support the finding that he was intoxicated.

Trooper Blue testified that he saw Appellant driving without his vehicle's taillights on after dark. When Trooper Blue stopped Appellant, he smelled "the odor of alcohol coming from the truck," and Trooper Blue noticed that Appellant had bloodshot eyes and that his speech was "real thick-tongued and slurred." Trooper Blue asked Appellant if he had had anything to drink, and Appellant said that he had drunk "two Natural Lights."

Trooper Blue then conducted three field sobriety tests. In this regard, Trooper Blue has been a trooper since 2006, and he testified that he had been trained to conduct standard field sobriety tests. Trooper Blue additionally testified that he has attended an advanced DWI class and that he is also certified as a drug recognition

4

expert. He also testified that he has made "[m]any" arrests for DWI and that he has had "[m]any" occasions to observe people whom he believed to be intoxicated. Trooper Blue testified that Appellant failed all three tests. Based on his observations, Trooper Blue concluded that Appellant was intoxicated while operating a motor vehicle. Trooper Blue's testimony is probative evidence of intoxication. *Annis v. State*, 578 S.W.2d 406, 407 (Tex. Crim. App. [Panel Op.] 1979) (as a general rule, the testimony of an officer that a person is intoxicated provides sufficient evidence to establish the element of intoxication for the offense of DWI); *Kiffe v. State*, 361 S.W.3d 104, 108 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (same); *Henderson v. State*, 29 S.W.3d 616, 622 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd) (same).

With respect to Appellant's contention that he was denied a chance to give a breath sample to disprove that he was intoxicated, it is within the officer's discretion to determine what method to use when testing for intoxication. TEX. TRANSP. CODE ANN. § 724.012(c) (West 2011); *Aguirre v. State*, 948 S.W.2d 377, 379–80 (Tex. App.—Houston [14th Dist.] 1997, pet. ref'd); *Drapkin v. State*, 781 S.W.2d 710, 712 (Tex. App.—Texarkana 1989, pet. ref'd). It is significant to note that Trooper Blue offered Appellant the opportunity to provide a blood specimen when he determined that a breath test was not available and that Appellant declined the opportunity.

The video recording from Trooper Blue's dashcam was introduced into evidence. We have reviewed the video in our review of the record. We conclude that the video supports Trooper Blue's trial testimony. Appellant's perception of the video and his alleged physical problems were matters available for the trial court to consider in determining Appellant's guilt/innocence. Under the applicable standard of review, we presume that the factfinder resolved Appellant's perceived deficiencies in the evidence in favor of the verdict, and we defer to that resolution. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778. We conclude that the

5

evidence is sufficient to support Appellant's conviction because a rational trier of fact could have found the elements of the offense beyond a reasonable doubt based upon Trooper Blue's testimony. We overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

JUSTICE


August 6, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

6